UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X   Case No. 14-72944(AST)
In Re:

SHERMAN INDUSTRY, INC.,

        Debtor
---------------------------------------------------------X
SHERMAN INDUSTRY, INC.                  Adv. Proc. No. 14-08188

        Plaintiff,

    * against *

MADALYN F. FARLEY, COMMISSIONER    **ANSWER**
COUNTY OF NASSAU OFFICE OF
CONSUMER AFFAIRS AND THE COUNTY
OF NASSAU OFFICE OF CONSUMER
AFFAIRS,

        Defendant.
---------------------------------------------------------X

        The Defendants, Madalyn F. Farley, as Commissioner of the Nassau County Office of Consumer Affairs and the County of Nassau, sued herein as "County of Nassau Office of Consumer Affairs, answering the Complaint, allege as follows:

        1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 1 and refer conclusions of law to the Court.

        2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 1 and refer conclusions of law to the Court.

        3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 3 and refer conclusions of law to the Court.

        4.    Admit the allegations made in paragraph 4.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 5 and refer conclusions of law to the Court.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 6.

7. Admit the allegations made in paragraph 7.

8. Deny the allegations made in paragraph 8, except admit that the Office of Consumer Affairs is an administrative arm of the County of Nassau charged with the issuance and regulation of licenses to perform Home Improvements under Nassau County Administrative Code Title D-1.

*Answering Background as to All Causes of Action*

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 9.

10. Admit the allegations made in paragraph 10.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 11 and refer conclusions of law to the Court.

12. Admit the allegations made in paragraph 12.

13. Deny the allegations made in paragraph 13.

14. Deny the allegations made in paragraph 14.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 15 and refer conclusions of law to the Court.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 16 and refer conclusions of law to the Court.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 17 and refer conclusions of law to the Court.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 18.

*Answering the First Cause of Action*

19. The Defendants repeat the admissions, denials and denials of having information as previously alleged.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 20 and refer conclusions of law to the Court.

*Answering the Second Cause of Action*

21. The Defendants repeat the admissions, denials and denials of having information as previously alleged.

22. Deny the allegations made in paragraph 22.

*First Affirmative Defense*

23. Pursuant to the provisions of 11 U.S.C. §362(b)(4), the filing of a petition under section 301, 302, or 303 of this title does not operate as a stay of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's or organization's police and regulatory power.

24. The Defendants are a governmental unit and an Officer thereof.

25. The actions taken in revoking the Debtor's license were mandated by the Nassau County Administrative without any discretionary action by any individual.

26. The license was revoked because of the Debtor's own action in choosing not to appear for an administrative hearing at which charges regarding the Debtor's violation of law were to be heard.

27. The Complaint therefore fails to state a viable cause of action.

WHEREFORE the Defendants respectfully request judgment dismissing the Complaint, together with an award of the costs and disbursements of this proceeding.

Dated: Mineola, New York
       July 3, 2014

                CARNELL FOSKEY
                Nassau County Attorney
                Attorney for Defendants

By:_____
    Andrew R. Scott (AS7633)
    Deputy County Attorney
    1 West Street
    Mineola, New York 11501
    (516) 571-3013